**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1391-16T2

A.K.,

      Plaintiff-Appellant,

  v.

C.K.,

      Defendant-Respondent.

_____

Argued June 5, 2018 — Decided June 19, 2018

Before Judges Fisher and Natali.

On appeal from the Superior Court of New
Jersey, Chancery Division, Family Part, Bergen
County, Docket No. FD-02-0173-16.

A.K. argued the cause pro se.

Angelo Sarno argued the cause for respondent
(Snyder Sarno D'Aniello Maceri Da Costa LLC,
attorneys; Angelo Sarno, of counsel and on the
brief; Lydia S. LaTona, on the brief).

PER CURIAM

The parties brief marriage produced one child, Sylvia,[1] who was born in July 2015. The month after the child was born, plaintiff A.K. (Adam) filed this action seeking custody and parenting time. Defendant C.K. (Carol) filed a counterclaim, seeking sole legal custody, supervised parenting time for Adam, and child support. Orders entered soon thereafter provided for supervised parenting time and required mediation. A custody and parenting-time evaluation was conducted by the Bergen Family Center, and a plenary hearing was conducted over the course of three days in April 2016. The trial judge rendered her oral decision on May 3, 2016, and entered an order two days later that granted Carol temporary sole legal custody and residential custody of Sylvia; Adam was permitted supervised parenting time twice a week and ordered to undergo a psychological evaluation. He was also ordered to cease videotaping parenting exchanges.

A June 17, 2016 order appointed a supervisor of Adam's parenting time. Four days later, plaintiff moved for modification of the May 5 order to allow for joint custody and parenting time or, alternatively, to allow plaintiff to bring evaluators and therapists to supervised parenting time. As part of his application, Adam sought the opportunity to elicit "new evidence

---

[1] The names of the parties and their child used in this opinion are fictitious.

related to recent and past events in which [Carol] committed blatant perjury on the witness stand during the previous plenary hearing." On August 5, 2016, Adam filed another motion by which he sought "full custody" based on his claim that Carol "is losing touch with reality and will not show any co-parenting ability going forward." These motions were denied on October 26, 2016, the judge holding that Adam failed to demonstrate a substantial change in circumstances since entry of the May 5 order.

Adam appeals the October 26 order,[2] arguing:

> I. THE TRIAL COURT PLAINLY ERRED BY FAILING TO FIND CHANGED CIRCUMSTANCES SUCH AS TO WARRANT MODIFICATION.
>
> II. THE TRIAL COURT PLAINLY ERRED IN FAILING TO CONSIDER THE PLAINTIFF'S EXPERT REPORTS PREVIOUSLY ORDERED ON MAY 3, 2016.
>
> III. THE TRIAL COURT ABUSED ITS DISCRETION BY PREJUDICING FUTURE APPLICATIONS BY NOT ENTERING A FINAL ORDER ON EXISTING APPLICATION BY DEFENDANT FOR COUNSEL FEES.
>
> IV. THE TRIAL COURT CEDED ITS RESPONSIBILITY BY ABDICATING DECISION-MAKING TO A PREVIOUS EVALUATOR OVER THE PREVIOUS JUDGE'S RULING WHICH DID NOT CHOOSE TO ADOPT RECOMMENDATIONS REGARDING [ONE-]YEAR WAITING PERIOD TO REMAIN SUPERVISED PRIOR TO APPLICATION BY PLAINTIFF TO COURT, WHICH WOULD HAVE BEEN ERROR BY THE COURT.

---

[2] To the extent it may colorably be argued that finality had not been achieved regarding the issues presented as of that time, we grant leave to appeal out of time in order to resolve these fully submitted issues.

V. THE TRIAL COURT ERRED IN FAILING TO ENFORCE EXISTING ORDERS OR ADDRESS OTHER ITEMS ON THE PLAINTIFF'S MOTION.

We find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). Although it may be that Adam made progress on the issues that prompted the May 5 order, we find no abuse of discretion in the judge's determination that there had yet to be a "substantial" change in the circumstances between the entry of that order and the June 21 modification motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1391-16T2